```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

PETER JAMES DUNKERLEY,         :
                               :
    Petitioner,                :
                               :
vs.                            :    CIVIL ACTION 13-0331-CB-M
                               :
DEWAYNE ESTES,                 :
                               :
    Respondent.                :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as the claims are procedurally defaulted and that judgment be entered in favor of Respondent Dewayne Estes and against Petitioner Peter James Dunkerley. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of possession of child pornography

1

in the Mobile County Circuit Court on September 25, 2007 for which he received a sentence of seven years in the state penitentiary (Doc. 1, p. 2; *cf.* Doc. 17, p. 2).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 17, Exhibit 3); an application for rehearing was overruled (Doc. 17, Exhibit 4).  On August 14, 2009, the Alabama Supreme Court denied Dunkerley's petition for *certiorari*; on that same date, the Alabama Court of Criminal Appeals entered a certificate of judgment (Doc. 17, Exhibits 5, 6).  Dunkerley filed a petition of *certiorari* with the U.S. Supreme Court that was denied on June 28, 2010.  *Dunkerley v. Alabama*, 130 S.Ct. 3511, 177 L.Ed.2d 1099 (2010).

Petitioner filed a Rule 32 petition on August 13, 2010 (Doc. 1, p. 4; *cf.* Doc. 17, Exhibit 9, p. 2).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, finding the claims to be procedurally defaulted (Doc. 17, Exhibit 9); Dunkerley's application for rehearing was overruled (Doc. 17, Exhibit 10). A certificate of judgment was entered on October 24, 2012 (Doc. 17, Exhibit 11).

While his Rule 32 petition was pending in the State courts, Dunkerley filed a habeas petition in this Court.  That petition was ultimately dismissed, without prejudice, as premature as he

had not yet exhausted his remedies in the State courts. *Dunkerley v. Strange*, C.A. 11-0171-CB-M (S.D. Ala. October 31, 2011).

Petitioner filed a complaint with this Court on June 24, 2013, raising the following claims: (1) He was denied his First Amendment rights; (2) he was denied his Fourteenth Amendment rights; (3) he was denied equal protection of the law; and (4) his conviction violated the commerce clause of the constitution (Doc. 1).

Respondent answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. (Doc. 17, pp. 6-7). The Court determined that AEDPA does not bar this action on limitations grounds (Doc. 23).

Respondent also argued that Dunkerley has defaulted on the claims brought in this Court because he did not raise them in the State courts (Doc. 27, pp. 7-13). It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court

3

rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983). However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

The evidence of record demonstrates the following.

Dunkerley's first claim raised in this petition is that his conviction denied him his First Amendment rights (Doc. 1, pp. 7, 13-14). Petitioner raised this claim in his Rule 32 petition in the State courts as evidenced by the Alabama Court of Criminal Appeals' finding that it was not a jurisdictional issue and was procedurally defaulted under Rules 32.2(a)(3)[1] and 32.2(a)(5)[2] of the Alabama Rules of Criminal Procedure because it was not raised at trial or on appeal (Doc. 17, Exhibit 9, pp. 2, 3-4). As the Alabama Court of Criminal Appeals was the last Court to

---

[1] "A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised at trial."**Error! Main Document Only.**

[2] **Error! Main Document Only.**"A petitioner will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal."

4

rule on this claim and it "clearly and expressly" found it to be procedurally defaulted, this Court finds that Petitioner's first claim is procedurally defaulted under *Harris*.

The Court further notes that although the Alabama Court of Criminal Appeals denied Dunkerley's motion for rehearing of his Rule 32 petition, he did not seek review of the lower court decision by the Alabama Supreme Court in a petition for *certiorari*. Alabama law allowed Petitioner to seek *certiorari* in the Alabama Supreme Court for the review of the denial of rehearing by the Alabama Court of Criminal Appeals. Ala.R.App.P. 39(a); *see also, e.g., Ex parte Powell*, 674 So.2d 1258 (Ala. 1995) (Alabama Supreme Court granted *certiorari* to review Alabama Court of Criminal Appeals' determination that appellant's Rule 32 petition was untimely filed). The fourteen-day time period in which Petitioner could pursue this avenue of relief has passed. *See* Ala.R.App.P. 39(c). Because Petitioner did not pursue this claim, that his conviction violated his First Amendment rights, in a timely fashion before the Alabama Supreme Court, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Dunkerley's second claim in this action is that he was denied his Fourteenth Amendment rights in that the State did not provide evidence sufficient to convict him; rather, the burden of proof was placed on him to prove that the images for which he was convicted did not depict children (Doc. 1, pp. 7, 14-16). This claim was raised in Petitioner's Rule 32 petition in the State Courts as demonstrated by the Alabama Court of Criminal Appeals' finding that it was not a jurisdictional issue and was barred from review under Rule 32.2(a)(2)[3] because he had raised it in a motion for a new trial (Doc. 17, Exhibit 9, pp. 2, 3).

The Court finds that Dunkerley's second claim is procedurally defaulted. The Alabama Court of Criminal Appeals clearly stated, in the appeal of the denial of his Rule 32 petition, that it was precluded because he had raised the issue in a motion for a new trial; court records clearly show that Petitioner did not pursue the claim in the direct appeal of his conviction (*see* Doc. 17, Exhibit 3). *See* Ala.R.Crim.P. 24.1(b).[4] This claim is also barred under *O'Sullivan* as Petitioner did not seek review of the claim in the Alabama Supreme Court.

---

[3]**Error! Main Document Only.**"A petition will not be given relief under this rule . . . [w]hich was raised or addressed at trial."

[4]"A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and

Petitioner next claims that he was denied equal protection of the law by being convicted under a State statute that would not violate federal law (Doc. 1, pp. 8, 16). The Alabama Court of Criminal Appeals, on review of the denial of his Rule 32 petition, held that this claim was not jurisdictional and was precluded under Rules 32.2(a)(3) and 32.2(a)(5) because it could have been—but was not—raised at trial and on appeal (Doc. 17, Exhibit 9, pp. 2, 5).

The Court finds that Dunkerley's third claim is procedurally defaulted under *Harris* as the Alabama Court of Criminal Appeals clearly and expressly stated that it was barred under its procedural rules. The claim is also barred under *O'Sullivan* as Petitioner did not pursue review of it in the Alabama Supreme Court.

Petitioner's final claim is that his conviction violated the commerce clause of the constitution (Doc. 1, pp. 9, 17). The evidence shows that Dunkerley raised this claim in his Rule 32 petition, but did not pursue it before the Alabama Court of Criminal Appeals (*see* Doc. 17, Exhibit 9, p. 2).

The Court finds that Petitioner's fourth claim is procedurally defaulted because it was abandoned before the Alabama Court of Criminal Appeals. *Brownlee v. State*, 666 So.2d

---

shall include an appeal from the denial of the motion."

91, 93 (Ala. Crim. App. 1995)(*citations omitted*). As such, this claim is also defaulted under *O'Sullivan*.

In summary, the Court finds that all of Dunkerley's claims are procedurally defaulted because they were not raised in a timely manner in the State courts.

However, where the State courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental

miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Dunkerley has first argued that there were extraordinary circumstances preventing him from seeking a petition for *certiorari* before the Alabama Supreme Court on his Rule 32 petition.  Petitioner has provided two affidavits asserting that another inmate had his legal papers, that the other inmate was placed in lock-up, and that Dunkerley could not retrieve those papers in a timely fashion to pursue his petition (Doc. 33, Exhibits 1, 2).

The Court notes, however, that there is no constitutional right to counsel on collateral review of a conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so there is no right to effective assistance of counsel on collateral review, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and such ineffective assistance does not excuse procedural default. *Toles v. Jones*, 888 F.2d 95, 99-100 (11th Cir. 1989), *cert. denied*, 506 U.S. 834 (1992); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Dunkerley's fellow inmate was acting as his counsel.  Under these cases, Petitioner cannot avail himself of the protections of *Wainwright*; his claims are procedurally defaulted and review of their merit is unwarranted.

Dunkerley has also asserted that he is actually innocent of

9

the charge for which he was convicted (Doc. 33). The Court notes that the United States Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Dunkerley offers only assertions of his innocence. There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the procedural default problem presented. The Court finds that Petitioner has provided no cause for defaulting on the claims raised in this action.

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these four claims in a timely manner in the State courts. Furthermore, Dunkerley has not shown that this Court's failure to discuss the merit of these four claims will result in a fundamental miscarriage of justice being visited upon him. Therefore, the Court considers all of the claims in this Court to be procedurally defaulted and the Court will not address their merit.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Dunkerley has not raised the claims in this Court in a timely fashion in the State courts, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 9th day of June, 2014.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE