**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| PETER JAMES DUNKERLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 13-00331-CB-M |
| DEWAYNE ESTES, | ) | |
| | ) | |
| Respondent, | ) | |

## ORDER

Petitioner Peter James Dunkerley has filed an objection (Doc. 37) to the

Magistrate Judge's Report and Recommendation, made pursuant to 28 U.S.C. §

636(b)(1)(B), which recommends that Dunkerley's habeas petition be denied. For

the reasons set forth below, the Court overrules Petitioner's objections and adopts

the Report and Recommendation.

**Background**

Petitioner has raised four claims in his § 2254 petition challenging the

constitutionality of his state conviction for possession of child pornography. None

of those claims were raised on direct appeal in state court, but Petitioner did raise

them in his state Rule 32 collateral attack. In denying Petitioner's Rule 32 appeal,

the Alabama Court of Criminal Appeals found three of the four claims were

procedurally barred under state law. The appellate court did not address

Petitioner's fourth claim because he did not pursue it in the Rule 32 appeal.

Petitioner did not file a petition for writ of certiorari with the Alabama Supreme

Court and, therefore, failed to exhaust his Rule 32 appeal.

The Magistrate Judge found all four claims raised in Petitioner's § 2254 habeas petition to be barred by the doctrine of procedural default. The first three claims were procedurally defaulted for two alternative reasons. First, the Alabama Court of Criminal Appeals found that the procedural default applied, and federal courts are bound by that determination. *See Harris v. Reed*, 489 U.S. 255 (1989). Second, by failing to petition the Alabama Supreme court for a writ of certiorari, Petitioner failed to exhaust those claims, which are now barred by procedural default. *See McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.") The Magistrate Judge found the fourth claim to be procedurally barred for failure to exhaust because that claim was not raised at all in the Rule 32 appeal to the Alabama Court of Criminal Appeals. *See id.* The Magistrate Judge rejected Petitioner's attempts to overcome procedural default based on "cause and prejudice" or "actual innocence".

**Discussion**

Petitioner does not object to the Magistrate Judge's initial conclusion that the claims were procedurally defaulted. Instead, his objections are focused on the exceptions to procedural default. Petitioner argues that the confiscation of his legal papers by prison officials demonstrates cause for his procedural default. As Petitioner's evidence shows, those papers were not confiscated from him but from another inmate--a "prison law clerk" to whom he had given his papers for assistance. That inmate was placed in segregation for disciplinary reasons and took

with him legal papers belonging to other inmates, including Petitioner. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson,* 501 U.S. 722, 753 (2001). Petitioner's decision to entrust his legal papers to another inmate who proved to be untrustworthy does not satisfy the "cause" requirement. *See Cabrera v. Page*, 172 F.Supp.2d 966, 983-84 (N.D. Ill. 2001)("mistakes of a prison law clerk" do not constitute "cause" for procedural default), *rev'd on other grounds*, 324 F.3d 527 (7th Cir. 2003). Even if Petitioner could demonstrate "cause" for (and prejudice from) his failure to file a petition for certiorari, that would address only *one* basis for the Magistrate Judge's procedural default findings as to Claims One through Three. The Magistrate found that procedural default also applied for an alternative reason, that is, because the Alabama Court of Criminal Appeals, on Rule 32 appeal, had found those claims to be procedurally defaulted under state court rules.[1]

Next, Petitioner contends that his claims are not subject to procedural default under the "miscarriage of justice" exception because he is actually innocent. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (internal citations and quotations omitted). The Supreme Court has sought to ensure that the exception "would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Because of the narrow

---

[1] Specifically, the claims were barred under state court rules because they were not raised on direct appeal.

scope of the exception, Petitioner must rely on new evidence to demonstrate that he is ""factually innocent rather than legally innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Petitioner himself "points out that he has never alleged any new evidence in his petition nor relied on *Schulp v. Delo* [sic] in his habeas petition." (Obj. ¶ 26, Doc. 37.)[2]

Finally, Petitioner objects to the Magistrate Judge's "refusal to consider [his] request that he be allowed to amend his petition." (*Id.* ¶ 28.) The Magistrate Judge did not err by failing to grant leave to amend. The proper method for requesting leave to amend a complaint is by filing a motion for leave to amend. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Furthermore, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.* Petitioner did not fulfill either of these requirements. He did not file a motion for leave to amend. Instead, the request for leave to amend is contained within Petitioner's response addressing the issue of procedural default (Doc. 33). That document contains two vague statements regarding the need to amend, neither of which set forth the substance of the proposed amendment. (Petr's Resp. p. 14, ¶ 13 & p. 15, Doc. 33.) Because Petitioner failed to file a separate motion for leave to amend and failed to provide the

---

[2] Petitioner insists that the Magistrate Judge misconstrued his actual innocence claim, but it appears that Petitioner has misunderstood the difference between legal and factual innocence. In his response brief addressing procedural default (Doc. 33), Petitioner argued that he is actually innocent because the statute under which he was convicted is unconstitutional. That is a claim of legal insufficiency and, as such, does not satisfy the actual innocence exception. *See Bousley v. United States*, 523 U.S. 614 (1998) (factual innocence is not "mere legal insufficiency").

substance of the amendments he proposed to make, he was not entitled to amend his petition.

**Conclusion**

For the reasons set forth above, Petitioner's objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of this Court.

**DONE** and **ORDERED** this the 7th day of July, 2014.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**